# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **DASFORTUS TECHNOLOGIES, LLC,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-0866 |
| | ) | Judge Trauger |
| **PRECISION PRODUCTS MANUFACTURING** | ) | |
| **COMPANY, LTD (HONG KONG);** | ) | |
| **PRECISION PRODUCTS** | ) | |
| **MANUFACTURING, LTD (PRC); and** | ) | |
| **FTEC MANUFACTURING COMPANY,** | ) | |
| **LTD (PRC),** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff's Motion *in Limine* to Take Judicial Notice of Precision Products Manufacturing Co.'s Public Filings (Docket No. 143), to which defendant Precision Products Manufacturing Company, Ltd. (Hong Kong) ("PPM(HK)") has filed a response (Docket No. 154). For the reasons discussed below, the motion will be denied.

The plaintiff, DASFortus Technologies, LLC ("DASFortus"), moves the court to take judicial notice of a foreign public filing made by defendant PPM(HK) in the People's Republic of China ("PRC") pursuant to Federal Rule of Evidence 201(b). In support of its motion, DASFortus relies on an unsworn declaration made by Alex Cai ("Cai Declaration"), an attorney residing in Shanghai and licensed to practice law in the State of Washington and the PRC. (Docket No. 58.) In that declaration, Mr. Cai states:

1

> 3. The PRC maintains certain publicly accessible records of business organizations charted by the PRC. These records are analogous to those that would be kept by a Secretary of State, or Department of Corporations, in one of the states in the US.
>
> 4. I have caused a search of those records to be conducted to determine what those records reflect with respect to the ownership and management of Precision Products Manufacturing, Co. ("PPM"), one of the defendants in this litigation. The results of that search are attached to this declaration as Exhibit 1.

(*Id*. at 1-2.) The purported public filing of PPM(HK) is attached as an exhibit to the Cai Declaration. (Docket No. 58, Ex. 1.)

DASFortus argues that the existence of these filings in the public records of the PRC and their contents cannot reasonably be disputed. (Docket No. 144, at 2.) DasFortus further asserts that the filings are relevant to show that the defendants and their representatives are, in fact, the same entities and individuals with whom it had a business relationship and contract. (*Id*.) In its opposition, PPM(HK) argues that the motion should be denied because: (1) DASFortus failed to identify the precise source of the public filing document attached to the Cai Declaration; and (2) the document itself is not a public record. (Docket No. 154, at 1, 3.)

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts and provides, in pertinent part, that a "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is ... (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Having reviewed the parties' submissions and the relevant portions of the record, the court declines to take judicial notice of the purported foreign filing made by PPM(HK) in the PRC.

By its terms, Federal Rule of Evidence 201(b) requires the existence of an identifiable source whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). DASFortus, however, has failed to provide a precise source for the public filing document attached to the Cai Declaration. Instead, the Cai Declaration states that the document is the product of a search of unspecified publicly accessible records maintained by the PRC of business organizations. (Docket No. 58, at 1-2). Moreover, the alleged public filing itself fails to identify its source. (Docket No. 58, Ex. 1.) Lacking this information, the court cannot conclude that the public filing document is from a source "whose accuracy cannot reasonably be questioned," as required by Federal Rule of Evidence 201(b).

There is also a dispute as to whether the public filing document attached to the Cai Declaration is, in fact, a public record. PPM(HK) attached to its opposition a declaration by Wenming Wang ("Wang Declaration").[1] (Docket No. 154, Ex. B.) The Wang Declaration states that the corporate registration information and records of all companies located in Shen Zhen City are kept by a government entity known as the Market Supervision Administration of Shenzhen Municipality ("Market Supervision Administration"). (*Id*. at 1-2.) The Wang Declaration further states that this entity is the only government administrative agency that keeps such information of companies located in Shen Zhen City, that the information kept by this entity is publicly accessible on the internet, and that all of its records are in Chinese only. (*Id*. at

---

[1] Although the attached document is styled as an affidavit, it is not notarized. (*See* Docket No. 154, Ex. B.) Instead, it is signed by the declarant and made under penalty of perjury under the laws of the United States of America. (*Id*. at 2.) Accordingly, the court shall treat the document as an unsworn declaration made under penalty of perjury. *See* 28 U.S.C. § 1746.

2.) In addition, the Wang Declaration attached a document that purports to be a true copy of the corporation registration record of PPM(Shen Zhen) obtained from the website of the Market Supervision Administration.[2] (*Id.*, Docket No. 154, Ex. B-1.) The court finds that the existence of this dispute presents an additional reason for it to refrain from taking judicial notice of the public filing document attached to the Cai Declaration.

## CONCLUSION

For the reasons discussed herein, the Plaintiff's Motion *in Limine* to Take Judicial Notice of Precision Products Manufacturing Co.'s Public Filings is **DENIED**.

It is so Ordered.

Entered this 14th day of September 2011.

_____
ALETA A. TRAUGER

United States District Judge

---

[2] PPM(HK) appears to assume, without explicitly stating, that it is somehow affiliated with PPM(Shen Zhen).